**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**BRYAN BUCKLEY** **PLAINTIFF**

**v.** **CASE NO. 2:25-CV-00032-BSM**

**TRANCASA USA, INC., *et al*.** **DEFENDANTS**

# ORDER

Defendants' motion for summary judgment [Doc. No. 35] is granted on Bryan Buckley's requested punitive damages and granted on all of Buckley's direct-negligence claims against Trancasa except for his negligent-training and inadequate policies and procedures claims. Buckley's motion for summary judgment on vicarious liability [Doc. No. 23] is granted; his motions for summary judgment on punitive damages [Doc. No. 24] and his direct-negligence claims [Doc. No. 26] are denied.

## I. BACKGROUND

Bryan Buckley is suing Trancasa USA, Inc. and its driver, Ventura Serna, for injuries he claims to have suffered in a car accident with Serna. *See* Defendants' Statement of Undisputed Facts, Doc. No. 37 ¶ 5. Buckley is suing Serna for negligence and Trancasa for negligent hiring; negligent training and supervision; negligent retention; failure to enforce adequate safety policies and procedures; and failure to use ordinary care based on Serna's actions. *Id.* Trancasa admits Serna was acting in the course and scope of his employment at the time of the accident. *See* Doc. No. 42. Buckley is moving for summary judgment on the issues of vicarious liability and punitive damages, and on his direct-negligence claims

against Trancasa. Doc. Nos. 23–24, & 26. Trancasa is moving for summary judgment on the issue of punitive damages and on Buckley's direct negligence claims. Doc. No. 35.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Defendants' motion for summary judgment is granted on punitive damages against Trancasa and Serna. Defendants' motion is also granted on all of Buckley's direct-negligence claims against Trancasa other than his negligent-training and inadequate policies and procedures claims. Buckley's motion for summary judgment is granted on vicarious liability and denied on punitive damages and his direct-negligence claims.

### A. Defendants' Motion

Defendants' motion for summary judgment is granted on punitive damages and

granted in part and denied in part on Buckley's direct negligence claims.

*1. Punitive Damages*

For punitive damages, there must be clear and convincing evidence of malice or "reckless disregard of the consequences, from which malice may be inferred." Ark. Code Ann. § 16-55-206(1); *D'Arbonne Construction Co., Inc. v. Foster*, 123 S.W.3d 894, 898 (Ark. 2003). "Negligence alone, however gross, is not enough." *Alpha Zeta Chapter of Pi Kappa Alpha Fraternity by Damron v. Sullivan*, 740 S.W.2d 127, 132 (Ark. 1987). In car accident cases, Arkansas has traditionally limited punitive damages to when the driver was drinking, using drugs, or racing. *National Bank of Commerce v. McNeill Trucking Co.*, 828 S.W.2d 584, 588 (Ark. 1992) (Dudley, J., concurring). While there have been exceptions to this rule, they are rare. *See D'Arbonne*, 123 S.W.3d at 898 (punitive damages allowed to jury when truck driver was speeding with broken brakes, which had intentionally been left disabled to avoid performing maintenance); *but see Lawrence v. Meux*, 669 S.W.2d 464, 467 (Ark. 1984) (no punitive damages when defendant drove between 55 and 70 mph in a 45 mph speed zone on wet street); *National By–Products, Inc. v. Searcy House Moving Co., Inc.*, 731 S.W.3d 194, 197 (Ark. 1987) (no punitive damages when defendant tailgated and sped in overloaded truck with improperly maintained brakes before striking vehicle and killing passengers).

Buckley accuses Trancasa of overlooking Serna's bad driving and criminal records, which include a DUI conviction, a theft charge, as well as several citations for defective brakes and running stop signs, a ticket for driving without a valid driver's license, and a prior

accident. While sympathetic to the facts and Buckley's injuries, this may show negligence or gross negligence; but it does not clearly show malice or reckless disregard. *See Wheeler v. Carlton*, No. 3:06-CV-00068-GTE, 2007 WL 30261 (E.D. Ark. Jan. 4, 2007) (no punitive damages when driver had twelve prior driving citations and three accidents); *Elrod v. G&R Const. Co.*, 628 S.W.2d 17, 17–19 (Ark. 1982) (no punitive damages when employer knew driver had six accidents, two of which had caused personal injury, and several other citations); *Bizzell v. Transp. Corp. of Am., Inc.*, No. 4:16-CV-00376-JLH, 2017 WL 3381358, at *4 (E.D. Ark. Aug. 4, 2017) (no punitive damages when driver had various citations and three preventable accidents).

Buckley also argues punitive damages against Trancasa are appropriate because Trancasa ignored an employee grievance documenting a lack of adequate training standards. Doc. No. 30. Buckley says this grievance demonstrates Trancasa intentionally ignored systemic workplace deficiencies, causing his accident. *Id*. The problem with this argument is that the grievance was filed five months after Buckley's car accident occurred, so no reasonable jury could find this provided notice to Trancasa. Ex. 4, Doc. No. 30. Moreover, the concerns raised in this grievance only address training standards and work conditions for traffic controllers, not drivers. *Id*. Summary judgment is therefore granted.

To the extent Buckley seeks punitive damages against Serna, summary judgment is granted. Buckley alleges Serna was speeding, not paying attention, following too closely to his bumper on the highway, and driving outside of his legal driving hours. This is not enough under Arkansas law to warrant punitive damages. *National By-Products Inc.*, 731

S.W.3d at 197 (no malice or reckless disregard when defendant drove extremely close to the bumpers of other vehicles in "an overloaded 18-wheeler, with defective brakes, on the highway at speeds of 70 mph by some accounts, oblivious to warning signals and without slowing down and with no apparent effort at stopping"). While the Arkansas Supreme Court did affirm punitive damages against a driver who was speeding and tailgating before causing an accident, this was because, unlike in *National By-Products*, the driver knew his brakes did not work; there was also evidence the brakes had been intentionally disabled to avoid maintenance. *See D'Arbonne*, 123 S.W.3d at 900–01. No such issue is presented here.

*2. Direct Negligence Claims*

Summary judgment is granted on Buckley's negligent hiring; negligent supervision; and negligent retention claims. Summary judgment is denied on Buckley's negligent-training and inadequate policies and procedures claims relating to the overworking and undertraining of employees.

Trancasa is moving for summary judgment on Buckley's direct negligence claims against it because it has stipulated that it is vicariously liable for Serna's actions. When a defendant admits vicarious liability for the actions of its agent, a plaintiff alleging vicarious liability and direct liability is limited to proceeding on its vicarious liability claim. *Elrod v. G&R Constr. Co.*, 628 S.W.2d 17, 18–19 (Ark. 1982). The two exceptions to this are (1) when there is a valid punitive damages claim against the defendant or (2) when a plaintiff alleges liability based on the defendant's policies and procedures. *McCaslin v. French Trucking, Inc.*, No. 2:16-CV-000049-JLH, 2017 WL 4228204, at *3 (E.D. Ark. Sept. 22,

2017); *see also Crouch v. Master Woodcraft Cabinetry, LLC*, No. 2:20-CV-00078-KGB, 2021 WL 4155583, at *3 (E.D. Ark. Sept. 13, 2021); *Call v. Sentra Logistics, LLC*, No. 4:23-CV-903-DPM, 2025 WL 3111486, at *2 (E.D. Ark. Nov. 6, 2025) (finding negligent training claims not precluded).

Summary judgment has been granted on Buckley's punitive damages claims, so he does not meet the first exception. With respect to the negligent-training and inadequate policies and procedures claims, summary judgment is granted in part. Buckley alleges Trancasa overworked its employees, ignored safety complaints, did not have set goals and standards, provided employees with no training manuals, and generally failed to train its drivers. *See* Doc. No. 32. Viewing the facts in Buckley's favor, there is a genuine dispute on this issue. But summary judgment is granted on Buckley's policies and procedures claim regarding Trancasa's failure to inspect and maintain its vehicles and equipment because there are no facts indicating Serna's vehicle was defective at the time of the accident. *See Younger v. J&TC, LLC*, NO. 3:22-CV-00143-BSM, 2023 WL 7386673, at *3 (E.D. Ark. Nov. 8, 2023) (genuine dispute with evidence that driver's vehicle was defective due to employer's policies); *Stallworth v. Flatfoot Trucking, LLC*, 2:24-CV-00184-JM, 2026 WL 458439, at *2 (E.D. Ark. Feb. 18, 2026) (no dispute without evidence that employer's drug testing or file maintenance policies were related to the accident). For these reasons, only Buckley's negligent-training and policies and procedures claim related to under-training and overworking drivers will proceed.

Finally, Buckley's request that defendants' motion for summary judgment be denied as untimely is denied.

B. Buckley's Motion

Buckley's unopposed motion for summary judgment on the issue of vicarious liability [Doc. No. 23] is granted because Trancasa stipulates that it is vicariously liable for Serna's actions. Buckley's motion for summary judgment on punitive damages [Doc No. 32] against Trancasa and Serna is denied for the reasons stated above. Buckley's motion for summary judgment on his direct negligence claims [Doc. No. 26] is denied. The negligent hiring; supervision; and retention claims have been resolved in favor of Trancasa. As to Buckley's negligent-training and policies and procedures claims; the jury must decide whether drivers were wrongfully hired, overworked, and undertrained and whether this caused Buckley to suffer damages. While Trancasa's corporate representative testified that Trancasa should have had better hiring practices and that Serna never should have been driving for Trancasa, breach, causation, and damages are questions of fact that are left to the jury. *Stacks v. Arkansas Power & Light Co.*, 771 S.W.2d 754, 756 (Ark. 1989) (breach is question of law, whether damages were proximately caused by breach is question of fact). Buckley's request that he be allowed to present his negligent-training and policies and procedures claims to the jury, however, is granted.

## IV. CONCLUSION

For these reasons, defendants' motion for summary judgment is granted on punitive damages and granted on all of Buckley's direct-negligence claims against Trancasa other

than his negligent-training and inadequate policies and procedures claims. Buckley's motion for summary judgment is granted on vicarious liability and denied on punitive damages and his direct-negligence claims.

IT IS SO ORDERED this 7th day of August, 2026.

Brian S. Miller
UNITED STATES DISTRICT JUDGE